**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**Diana I. Hobler,**

      **Plaintiff,**

**v.**                                                                                               **Case No. 05-2353-JWL-JTR**

**Jo Anne B. Barnhart, Commissioner of
Social Security,**

      **Defendant.**

**MEMORANDUM & ORDER**

Plaintiff Diana I. Hobler brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of defendant, the Commissioner of Social Security, to deny her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. According to plaintiff, defendant erred in failing to fully develop the record with respect to Dr. David R. Mouille's evaluations of the plaintiff's mental impairments. Specifically, plaintiff contends that the ALJ was required to contact Dr. Mouille to obtain an explanation for the discrepancies between his December 9, 2002 and December 8, 2003 reports. As explained in more detail below, the court rejects the plaintiff's arguments and affirms defendant's decision.

**I.   PROCEDURAL BACKGROUND**

In the fall of 2002, plaintiff filed her application for a period of disability and disability insurance benefits. In her application, plaintiff alleges an onset of disability on January 1, 2001. Her application was denied both initially and upon reconsideration. At plaintiff's request, an

administrative law judge ("ALJ") held a hearing on December 13, 2004, at which both plaintiff and her counsel were present. During the hearing, plaintiff testified that she has lower back and right shoulder pain and was being treated for depression. A vocational expert and a medical expert also testified at the hearing.

On December 28, 2004, the ALJ rendered a decision in which he determined that plaintiff was not under a "disability" as defined by the Social Security Act and was not eligible to receive disability insurance benefits. "The Commissioner follows a five step sequential evaluation process to determine whether a claimant is disabled." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003); *see also* 20 C.F.R. § 404.1520 (explaining this five-step process). At step five, the Commissioner has the burden to show that a claimant retains the functional capacity to do other work that exists in the regional and national economies. *See Oslin v. Barnhart*, 2003 WL 21666675 n.1 (10th Cir. 2003) (citing *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001)).

In this case, the ALJ determined that Ms. Hobler suffers no severe mental impairment. As a result, he found that she retained the ability to perform a significant number of jobs that exist in the regional and national economies; specifically, that she could work as a case packer, small products assembler, tag machine operator and gate guard. Thus, at step five of the evaluation process, the ALJ concluded that Ms. Hobler was not disabled within the meaning of the Social Security Act and accordingly affirmed the Commissioner's denial of benefits.

After the ALJ's unfavorable decision, plaintiff requested review by the Appeals Council, which denied review. As a result of that denial, the ALJ's decision became the final decision of the Commissioner. *Threet v. Barnhart*, 353 F.3d 1185, 1187 (10th Cir. 2003). Upon Ms.

Hobler's petition for judicial review of that decision, this court referred the matter to a Magistrate Judge, who issued a Report and Recommendation advising the court that the Commissioner's denial of benefits be affirmed based on substantial evidence in the record. Ms. Hobler has filed an objection to that Report and Recommendation, and the matter is now ripe for this court's review.

## II. STANDARD OF REVIEW OF THE COMMISSIONER'S DENIAL OF BENEFITS

This court has limited review of the Commissioner's determination that Ms. Hobler is not disabled within the meaning of the Social Security Act. *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The court examines whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (quotation omitted); *Hamlin*, 365 F.3d at 1214 (same). The court neither reweighs the evidence nor substitutes its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Grounds for reversal exist if the agency fails to apply the correct legal standards or fails to demonstrate reliance on the correct legal standards. *Hamlin*, 365 F.3d at 1114.

As mentioned above, the Social Security Administration has established a five-step

3

sequential evaluation process for determining whether a claimant is disabled. *Doyal*, 331 F.3d at 760. This five-step analysis evaluates whether: (1) the claimant is engaged in substantial gainful activity; (2) the claimant suffers from a severe impairment or combination of impairments; (3) the impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation; and (4) the claimant possesses the residual functional capacity to perform his or her past work or (5) other work in the national economy. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof through step four. If the claimant meets this burden, the burden shifts to the commissioner at step five. *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005).

**IV.    ANALYSIS OF THE OBJECTION TO THE REPORT AND RECOMMENDATION**

**A.    Standard of Review of the Report and Recommendation**

The court reviews de novo those portions of the Magistrate Judge's Report and Recommendation to which a written objection has been made. Fed.R.Civ.P. 72(b). Those portions to which neither party objects are deemed admitted, and failure to object constitutes a waiver of any right to appeal. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004); *see also Johnson v. Barnhart*, 402 F. Supp. 2d 1280, 1282 (D. Kan. 2005) ("Those parts of the report and recommendation to which there has been no objection are taken as true and judged on the applicable law.").

In addition, a district court is afforded considerable discretion in determining what reliance it may place upon the magistrate judge's findings and recommendations. *See Johnson*,

402 F. Supp. 2d at 1282 ("The district court has considerable judicial discretion in choosing what reliance to place on the magistrate judge's findings and recommendations."). Upon receipt of a magistrate judge's report and recommendation, a district court may accept, reject, or modify the magistrate judge's disposition. 28 U.S.C. § 636(b)(1) (1994); Fed.R.Civ.P. 72(b); *Johnson*, 402 F. Supp. 2d at 1282.

**B.     Analysis of Ms. Hobler's Objection**

The sole objection lodged against the Magistrate Judge's findings focuses on the ALJ's alleged failure to properly develop the record with regard to the plaintiff's mental impairments as reported by Dr. Mouille, a licensed psychologist. Plaintiff's objection centers on the two conflicting reports given by Dr. Mouille. Dr. Mouille first performed a consultative examination of Ms. Hobler in December of 2002. In a report dated December 9, 2002, he diagnosed the plaintiff with depression, but otherwise concluded that Ms. Hobler could, without psychopathology impairment, perform activities of daily living, establish and maintain adequate relationships with co-workers and supervisors, and understand and perform simple tasks in an average amount of time. He also concluded that her ability to concentrate and to maintain an adequate work schedule with average performance demands "is not impaired as the consequence of psychopathology." Dr. Mouille's second evaluation of Ms. Hobler occurred during the spring, summer and fall of 2003. During that evaluation, he used many tests not utilized during the first evaluation and in a report dated December 8, 2003, he diagnosed Ms. Hobler with "alcohol-induced persisting dementia" and found her "totally and permanently impaired" and stated "she is not expected to be able to obtain or to sustain gainful employment."

5

The ALJ decided to give little weight to Dr. Mouille's second report regarding Ms. Hobler's mental impairments. In summarizing the ALJ's report, the Magistrate Judge listed the five reasons the ALJ relied upon in making this decision: (1) it is not supported by the record as a whole, (2) it is not supported by Dr. Mouille's first evaluation, (3) plaintiff has not been treated for any mental impairment, (4) plaintiff exhibited good concentration at the hearing, and (5) the ultimate issue of disability is reserved to the Commissioner under the Act. The Magistrate Judge also noted that the record indicated considerable contact between Ms. Hobler and medical sources, but contained no evidence, other than Dr. Mouille's second report, that she suffered from severe mental impairments. The Magistrate Judge determined that, due to the reasons listed above, substantial evidence in the record supported the ALJ's conclusion to give little weight to Dr. Mouille's second opinion. Therefore, the Magistrate Judge found that the plaintiff failed to show failure to fully develop the record and recommended that the ALJ's decision be affirmed.

In response to the Magistrate Judge's Report and Recommendation, Ms. Hobler alleges that the Magistrate Judge erred in determining the ALJ properly developed the record regarding the plaintiff's mental impairments and Dr. Mouille's opinions regarding those impairments. As mentioned above, Ms. Hobler specifically contends that the ALJ had a duty to contact Dr. Mouille and obtain an explanation for the inconsistencies between his December 9, 2002 report and his December 8, 2003 report.

The ALJ has a basic duty in every social security case to ensure that "an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United*

6

*States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-60 (10th Cir. 1993). "The duty is one of inquiry and factual development. The claimant continues to bear the ultimate burden of proving that she is disabled under the regulations." *Id.* at 361. In *Henrie*, the Tenth Circuit reversed a denial of benefits because the ALJ failed to make any inquiry at all regarding the plaintiff's prior occupation at step four of the evaluation process. *Id.* at 361. In this case, unlike *Henrie*, the ALJ obtained information regarding the nature of Ms. Hobler's mental impairments. Before Dr. Mouille's initial examination, the record contained insufficient evidence describing Ms. Hobler's alleged depression. Therefore, as required by the regulations, Dr. Mouille's December 2002 examination was obtained to compensate for this deficiency in the record. 20 C.F.R. § 404.1519a. Obtaining Dr. Mouille's 2002 report filled the void in the record, satisfying the ALJ's duty of "inquiry and factual development" required by *Henrie*, and thus fulfilled the ALJ's obligation to fully develop the record. Dr. Mouille's December 2003 report simply created a conflict in the record, and it is the ALJ's duty to resolve conflicts in the evidence. *Welchel v. Barnhart*, 94 Fed. Appx. 703, 709 (10th Cir. 2004). The ALJ provided five specific reasons supported by the record for giving little weight to Dr. Mouille's second opinion, as listed above. His opinion indicates that he evaluated all of the medical reports and evidence in the record in reaching this conclusion. This satisfies his duty to fully develop the record and constitutes substantial evidence of his basis for resolving the conflicting evidence.

  Plaintiff further alleges that when discrepancies such as the one in this case exist, Social Security Ruling ("SSR") 96-5p imposes a duty upon the ALJ to contact the doctor for an explanation in order to fulfill the obligation to fully develop the record. SSR 96-5p West's Soc.

7

Sec. Reporting Serv. 127 (Supp. 2005). However, as stated in the Magistrate Judge's Report and Recommendation, Ms. Hobler's argument misapplies SSR 96-5p, which only requires that treating sources, not examining sources, be contacted for clarification. *Id*. As the Magistrate Judge also stated, plaintiff did not argue that Dr. Mouille is a treating source and the record does not support such a conclusion. Therefore, the ALJ was not required to contact Dr. Mouille for clarification of his conflicting reports because he is not a treating source.

In sum, the ALJ adequately developed the record with respect to Ms. Hobler's mental impairments by obtaining Dr. Mouille's first consultative examination in 2002. Furthermore, because the ALJ provided specific reasons supported by the record for giving little weight to Dr. Mouille's second report, his resolution of the conflicting reports is supported by substantial evidence. Finally, the ALJ had no duty to contact Dr. Mouille for clarification of the conflicting reports because he was not a treating source. Therefore, the court agrees with the Magistrate Judge's conclusion that substantial evidence supports the ALJ's decision that Ms. Hobler does not suffer severe mental impairment and she retained the residual functional capacity to perform a significant number of jobs. Thus, she was not disabled.

## Conclusion

For the reasons explained above, the court agrees with the Magistrate Judge's conclusion and, additionally, finds no merit to the objection raised by Ms. Hobler. Therefore, the court will adopt the Report and Recommendation of the Magistrate Judge and affirm the Commissioner's decision to deny benefits to Ms. Hobler.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court adopts the Magistrate Judge's Report and Recommendation. Accordingly, the decision of the Commissioner to deny disability benefits to Ms. Murphy is affirmed.

    **IT IS SO ORDERED.**

    Dated this 15th day of August, 2006

                                    s/ John W. Lungstrum
                                    John W. Lungstrum
                                    United States District Judge